UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSE M. VAZQUEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:15-cv-00077-JMS-MJD |
| | ) |
| T. SETZER, | ) |
| | ) |
| Defendants. | ) |

**Entry Dismissing Complaint and Directing Further Proceedings**

**I.**

The amended complaint [dkt. 6] filed by plaintiff Jose M. Vazquest, a federal inmate, is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has

happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

## II.

As presented the complaint fails to state a plausible claim for relief against the sole defendant, T. Setzer and is dismissed. First, the plaintiff, a federal inmate, alleges that defendant T. Setzer subjected him to cruel and unusual punishment in violation of the Eighth Amendment. To make out an Eighth Amendment claim based on prison conditions, an inmate must show that he has suffered an objectively, sufficiently serious injury, and that prison officials inflicted the injury with deliberate indifference. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). An objectively, sufficiently serious injury is one that denies the inmate "the minimal civilized measure of life's necessities." *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). The plaintiff alleges:

> On January 7, 2015, the defendant informed the plaintiff that "I know who you are", and would take appropriate action. Although the plaintiff had been attending class at 12:30 PM, for several months, defendant informed that she was switching the time to 2;00 PM. No basis existed for the time change, and the defendant's action constituted arbitrary conduct and made for purposes of harassment. Then, on 01-13-15, the defendant accused the plaintiff of being drunk and called the Lt's office, who gave plaintiff a Breathalyzer. The Lt informed plaintiff that he did not understand why the defendant accused plaintiff of being drunk based on results of Breathalyzer test. The charge was baseless. A 3rd incident occurred on 01-16-15, when the defendant accused plaintiff of being "out-of-bounds", when he was merely leaning against the door frame of the classroom. Although other students were doing the same thing, they were not given an "Incident Report". The defendant then contacted staff members at the Challenge Program, where the plaintiff was enrolled, and encouraged them to dismiss the plaintiff from the program, which occurred on 03-25-15. Approximately, on 03-20-15, the plaintiff ceased attending Education Classes due to a fear that he would be placed in the Segregated Housing Unit because of their constant and unceasing harassment of the plaintiff through verbal threats and filing of false & fraudulent incident reports.

This claim based on the Eighth Amendment is **dismissed**. The reason for this ruling is that changing a prisoner's class schedule from 12:30 p.m. to 2:00 p.m., accusing him of being drunk

and issuing a conduct report for being "out of bounds" are not actions sufficiently serious to implicate the protections of the Eighth Amendment.

The plaintiff also claims that the defendant violated his rights under the Americans with Disabilities Act ("ADA") by discriminating against him based on his mental disability/disorder and learning disability. To establish a violation of Title II of the ADA, plaintiff must prove that he is qualified individual with disability, that he was denied benefits of services, programs, or activities of public entity or otherwise subjected to discrimination by such entity, and that denial or discrimination was by reason of his disability. 42 U.S.C.A. § 12132. Because defendant T. Setzer is not a "public entity" the plaintiff has failed to state a claim under the ADA against him.

Because the Court has been unable to identify a viable claim for relief against the defendant, the complaint is subject to dismissal.

### III.

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiffs shall have **through June 24, 2015,** in which **to file a second amended complaint.**

In filing the second amended complaint, the plaintiff shall conform to the following guidelines: (a) the second amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the second amended complaint must include a demand for the relief sought; (c) the second amended complaint must identify what legal injury they claim to have suffered and what

persons are responsible for each such legal injury; and (d) the second amended complaint must include the case number referenced in the caption of this Entry. The plaintiff is further notified that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

If a second amended complaint is filed as directed above, it will be screened. If no second amended complaint is filed, this action will be dismissed for failure to state a claim without further notice.

**IT IS SO ORDERED.**

Date:  06/02/2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JOSE M. VAZQUEZ
Reg. No. 26759-038
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808