UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSE M. VAZQUEZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:15-cv-00077-JMS-MJD ) |
| T. SETZER, | ) ) |
| Defendant. | ) ) |

**Entry Dismissing Action and Directing Entry of Final Judgment**

The complaint filed by plaintiff Jose M. Vazquest, a federal inmate, was dismissed for failure to state a plausible claim for relief against the sole defendant, T. Setzer, for the reasons explained in the Entry of June 2, 2015. He was then given a period of time to file an amended complaint. He has done so.

The amended complaint [dkt. 12], however, fares no better and is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A. This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The amended complaint alleges that defendant Setzer had reason to believe that the plaintiff had mental health issues and that Setzer sent the plaintiff to the Lieutenant's Office in the hope that the plaintiff would be removed from General Population and placed on observation. He writes: "One could draw the conclusion that this action was to ensure Mr. Vazquez got mental health

counseling – or a more devious plan was a foot. Which was to send plaintiff to the Lt's office hoping that he was drunk and would be locked up and tortured in the prisons SHU." Dkt. 12 at p. 3. He states these allegations should be construed as a plot to deprive him of his due process rights. The prior complaint alleges that the plaintiff was given a breathalyzer test in the Lt.'s office which reflected that he was not drunk. No adverse action was taken as a result of this test.

At most, the plaintiff's allegations suggest that as a result of defendant Setzer's actions he was temporary required to spend time in the Lieutenant's office and submit to a breathalyzer. But the plaintiff had no due process to be free from temporary placement in the Lieutenant's office, even if he thought it unjustified. *Lucien v. DeTella,* 141 F.3d 773, 774 (7th Cir. 1998) ("Classifications of inmates implicate neither liberty nor property interests . . . .") (*citing Sandin v. Conner,* 515 U.S. 472, 484 (1995)). Accordingly, there is no viable due process claim asserted in the amended complaint. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)("[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement.").

The plaintiff was given the opportunity to file a legally viable claim, but he failed to do so. Accordingly, the amended complaint is dismissed pursuant to 28 U.S.C. §1915A and Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  07/01/2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JOSE M. VAZQUEZ
26759-038
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808